UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF CONNECTICUT (BRIDGEPORT)

IN RE:                          :    CHAPTER 7
                                :
                                :    CASE NO. 09-50926 (AHWS)
NCT GROUP INC.    :
    Debtor                      :    MAY 21, 2009

### OBJECTION TO NON-PARTY MOTION TO EXTEND AUTOMATIC STAY

The creditors, Jerrold Metcoff and David Wilson (collectively, the "Creditors"), hereby object to the "Non-Party Motion to Extend Automatic Stay" ("Motion to Extend"), filed on May 15, 2009 by Michael J. Parrella ("Parrella"), to the extent that Parrella asserts that the bankruptcy filing of NCT Group Inc. stays the action known as <u>Jerrold M. Metcoff, et al. v. NCT Group, Inc., et al.</u>, Docket No. (X06) CV-04-0184701-S (the "Metcoff Action"), against Parrella.

In support hereof, the Creditors represent as follows:

1.      On or about April 19, 2004, the plaintiffs Jerrold Metcoff and David Wilson commenced the Metcoff Action against, among others, defendants NCT Group Inc. and Parrella for, <u>inter alia</u>, breach of contract, misrepresentation, tortious interference, civil conspiracy and violations of the Connecticut Unfair Trade Practices Act.

2. The Metcoff Action is currently scheduled for jury selection on May 27, 2009, on the Waterbury Superior Court Complex Litigation Docket, with evidence commencing on June 9, 2009.

3. On May 12, 2009, the debtor, NCT Group Inc. ("NCT"), as a pro se, filed for Chapter 7 relief.

4. On May 15, 2009, Parrella filed his Motion to Extend.[1] In his Motion to Extend, Parrella seeks to extend the automatic stay under 11 U.S.C. Section 362(a) to stay the Metcoff Action against him on the ground that the allegations in the Metcoff Action are made against him in his individual capacity for conduct undertaken on behalf of the debtor in the course of his duties as officer and director of the debtor and a judgment against him would result de facto in a judgment against the debtor.[2] Simply put, since Parrella's Motion to Extend is baseless and solely a last ditch effort to avoid the trial in the Metcoff Action, said Motion to Extend should be denied.[3]

5. Under Section 362(a) of the Bankruptcy Code, a bankruptcy filing stays a continuation of a judicial action or proceeding **against the debtor** that was commenced

---

[1] On May 18, 2009, Parrella filed a Request for Hearing on his Motion to Extend.

[2] Previously, the Superior Court Judge in the Metcoff Action held that Parrella may be liable for certain of Plaintiffs' claims in his individual capacity.

[3] Mr. Parrella's Attorney in the Metcoff Action has filed a Motion to Withdraw from representing Mr. Parrella in that case.


before the bankruptcy filing. "A suit against a codefendant is not automatically stayed by the debtor's bankruptcy filing." Queenie, Ltd. v. Nygard International, 321 F.3d 282, 287 (2d Cir. 2003); see also McCartney v. Integra National Bank North, 106 F.3d 506, 509 (3d Cir. 1997) ("the clear language of Section 362(a) stays actions only against a debtor").

    6.    As summarized by the Second Circuit, the Courts may apply the Section 362(a) stay to non-debtors in some limited circumstances, but "only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." Queenie, Ltd. v. Nygard International, supra, 287. In Queenie, Ltd. v. NyGard International, supra, 287-288, the Second Circuit Court of Appeals set forth the parameters of when the stay can apply to codefendants:

> The automatic stay can apply to non-debtors, but normally does so only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate. Examples are a claim to establish an obligation of which the debtor is a guarantor, McCartney v. Integra National Bank North, 106 F.3d 506, 510-11 (3d Cir. 1997), a claim against the debtor's insurer, Johns-Manville Corp. v. Asbestos Litigation Croup (In re Johns-Manville Corp.) 26 B.R. 420, 435-36 (Bankr. S.D.N.Y. 1983) (on rehearing), and actions where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant…," A.H. Robins Co. v. Piccinin, 788 F.2d 994, 999 (4th Cir. 1986).

    7.    "Absent 'special circumstances,' when an action is commenced against a corporation and its officers and the corporation subsequently files a bankruptcy petition, the plaintiff may proceed against the officers even though the action is stayed with respect to the debtor corporation." In re Flag Telecom Holdings, Ltd. Sec. Litig., 352 F. Supp. 2d 429, 446

n. 8 (S.D.N.Y. January 12, 2005) citing to <u>Gucci America, Inc. v. Duty Free Apparel</u>, 02 Civ. 1298, 328 F. Supp. 2d 439, 2004 U.S. Dist. LEXIS 16002, * 5-7 (S.D.N.Y. June 24, 2004) and <u>In re Atlas Air Worldwide Holdings, Inc. Sec. Litig.</u>, 324 F. Supp. 2d 474, 480 n. 1 (S.D.N.Y. 2004) (Conner, J.). "[M]ost, if not all courts consider the extension of the automatic stay under Code Section 362(a) to a nondebtor to be **extraordinary relief**." <u>In re Donald J. McCormick</u>, 381 B.R. 594, 601 (S.D.N.Y. 2008). (Emphasis added.)

8. Here, NCT Group Inc. has filed for Chapter 7 relief. NCT Group Inc. claims in its bankruptcy filings that its estimated liabilities vastly exceed its estimated assets. (<u>See</u> voluntary petition of NCT Group Inc.)

9. Since the filing of Parrella's Motion to Extend, the Trustee, Roberta Napolitano has filed a motion to dismiss NCT's Chapter 7 petition on the ground that NCT is an "artificial entity" without representation and without assets.

10. In light of the foregoing, there is no indication that, if the Metcoff Action against Parrella were to proceed to trial and judgment, that there would be any immediate adverse economic consequence for debtor, NCT Group Inc.'s estate.

11. Furthermore, there is no evidence, documentary or otherwise, of any indemnification, guaranty agreement or co-obligation between Parrella and NCT Group Inc. with respect to the claims in the Metcoff Action. Accordingly, Parrella's Motion to Extend should be denied and the Metcoff Action should proceed against Parrella.

WHEREFORE, for all the foregoing reasons, the Creditors, Jerrold Metcoff and David Wilson, respectfully request that the Court sustain this Objection and deny Parrella's Motion to Extend Automatic Stay.

THE CREDITORS,

　　/s/ Michael P. Berman　　
MICHAEL P. BERMAN
Federal Bar No. ct05624
Berman and Sable LLC
100 Pearl Street
Hartford, Connecticut  06103
Tel: (860) 527-9699
Facsimile:  (860) 527-9077
E-mail:  mberman@bermansable.com



## CERTIFICATION OF SERVICE

I hereby certify that on May 21, 2009 a copy of the foregoing "Objection", dated May 21, 2009 was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and a copy of this filing will be sent by mail, on May 21, 2009, to anyone who will not receive electronic notice of the filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

<u>Debtor</u>
NCT Group Inc.
P.O. Box 4102
Monroe, CT  06468

<u>Trustee</u>
Roberta Napolitano, Esq.
350 Fairfield Avenue
Bridgeport, CT  06601

<u>U.S. Trustee</u>
Office of the U.S. Trustee
Giaimo Federal Building
150 Court Street, Room 302
New Haven, CT  06510

    /s/ Michael P. Berman
    Michael P. Berman